### SAMUEL TEMPLETON *v.* D. L. MORGAN, Collector.

Sworn public officers not charged with fraud must be supposed, until the contrary be shown by cogent proof, that they have properly exercised the discretion vested in them by law.

Where a levee is erected for the benefit of and by the plaintiff himself, and of no peculiar benefit to the general plan by which the whole district was to be protected—*Held*: That there is nog round for a recovery against the Board of Levee Commissioners in the shape of compensation. Casualties arising from the partial failure of the levees at any point, cannot have the effect of releasing the land owner from the payment of the levee tax.

A collector of levee tax is a public officer whom the District Judge is bound to know the identity of, and his signature. He acts as such without any pecuniary interest to disqualify him from the trust.

In the absence of any special provision of law as to the manner in which the levee-tax Collector should make the sales of the property of delinquent tax payers, recourse must be had to other laws *in pari materia*.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J. *W. G. Wyley & C. A. DeFrance*, for plaintiff. *Hugh Short*, for defendant.

MERRICK, C. J.    This suit was commenced in the Parish of Carroll by injunction.    It was brought to restrain the collector of the levee tax from selling the land of the plaintiff to pay the sum of $1550 77, and eight per cent. interest thereon from the 22d day of October, 1859, assessed by the Board of Levee Commissioners for the district of levees composed of the parishes of Madison and Carroll.

The defendant was proceeding as tax collector under an order of seizure and sale, signed by the judge of the tenth judicial district, dated January 28th, 1860, when arrested by the injunction.    On the trial of the injunction the same was dissolved and the plaintiff appeals.

The plaintiff contends in this Court for the following grounds of reversal of the judgment of the lower court, viz:

1st.    That the plaintiff is entitled to compensate the assessment by the debt of $2000, which the Levee Commissioners owe him for work done by him in 1858 upon the Bayou Maçon levees; necessity of said work being occasioned by the neglect of the Board of Levee Commissioners.

2d.    That said Board of Levee Commissioners, if not bound to indemnify the plaintiff for money expended to supply their neglect and save the levees from being washed away, and thereby causing immense injury to himself and all the Bayou Maçon country, should not be permitted to collect taxes from the owners of lands thus exposed to inundation on said bayou.

3d.    That the order of seizure and sale issued improperly, there being no authentic evidence of the assessment, of the demand, of the return and of the identity of the applicant as the collector.

4th. That said order of seizure and sale is a nullity on its face, because directed to David L. Morgan who is nothing but the agent of one of the parties interested.

5th. That the order of seizure and sale was a judicial decree and should have been filed in the clerk's office, where all the judicial records are kept; and it could not be enforced unless attested with the signature of the clerk and the seal of the court.

As the defendant prays for judgment in reconvention in the event the injunction is sustained, it will be proper to consider the questions thus presented in their order.

I. On the first ground, it is admitted that the Board of Levee Commissioners built the levees in 1853 upon Bayou Maçon to protect the neighborhood of the plaintiff from overflows of said bayou by the waters from Arkansas, and that since that time the Board has not appointed inspectors of levees or done any repairing to the levees in said section. It is further admitted that during the year 1858 the plaintiff did work upon the levees on Bayou Maçon and a cross levee, to the amount in cost of $2000; but this work was not done by a call of inspectors or under a contract made by the Board.

The law has vested the Board of Levee Commissioners with the power to lay off a system of levees for the district submitted to their jurisdiction.

These officers are sworn as public officers for the discharge of their duties. They are not charged by plaintiff with fraud, and it must be supposed, until the contrary be shown by cogent proof, that they have properly exercised the discretion vested in them by law. As they did not appoint a levee inspector for Bayou Maçon, and did not authorize the plaintiff to do the work for which he seeks to charge them, it must be presumed that the levee on Bayou Maçon was excluded from the system of levees adopted by them; and that the work done by the plaintiff was for his own temporary benefit, and of no peculiar advantage to the general plan by which the whole district was to be protected. Hence there is no ground for a recovery against the Board of Levee Commissioners; and as a consquence, for the plea of compensation set up in the petition for the injunction. See the case of *West Baton Rouge* v. *Bozman*, 11 An. 95. See Act of the Legislature of 1852, p. 236, sec. 16, 17, 18, 19 and 20. Also same Act, p. 335, sec. 8. Act of 1853, p. 45, sec. 12.

II. Casualties arising from the partial failure of the levees at any point in the district, cannot have the effect of releasing the land owner from the payment of the levee tax. There is *then* the greater necessity for its payment in order that the levees may be made more secure for the future.

III. When the District Judge granted the order of seizure and sale he appears to have had before him a copy of the ordinance of the Board of Levee Commissioners determining the rate of assessment, an extract from the levee tax as extended by the recorder, and the return of the tax collector showing a demand made upon the plaintiff and that the tax had not been paid. This is all that the law requires; and upon this showing, the

TEMPLETON
v.
MORGAN.

judge had before him the "authentic" evidence prescribed by the Act of 1859. See p. 30, section 3; also, see the case of *Board of Levee Commissioners* v. *Henry Marks*, decided last year.

The District Judge was bound to know the identity of the person, and signature of the levee tax collector, he being an officer appointed by law. See same case.

IV. David L. Morgan was the lawfully appointed collector of the levee tax. He was therefore acting as a public officer without any pecuniary interest to disqualify him from the trust assumed by him. It is true that he is the agent of the Board of Levee Commissioners; but they form a political corporation established for public purposes, and it could with equal propriety be objected against the Sheriff or other public tax collector when collecting the State tax, that he was the agent of the State, an interested party. It cannot require a serious argument to prove that such agency does not disqualify the collector.

V. The fifth ground seems to be well taken. The petition and order of seizure and sale ought to have been filed in the clerk's office of the parish.

The District Judge is provided by law with a clerk to register and preserve the decrees of his court. As a general rule this officer is the proper custodian of all documents and papers referring to any judicial proceeding pending or brought before the District Judge. If any interlocutory or summary order be obtained from the District Judge, it is upon the supposition that it will be immediately filed with the clerk in order that it may have its effect. This being the general rule, it is to be seen if the order of seizure and sale, in relation to the levee tax, can be considered as an exception to the same. We are cited by defendant's counsel to the case of the *Union Tow Boat Co.* v. *Bordelon*, 7 An. 192, to show that the process for the collection of taxes should be summary and that this principle applies with great force to the collection of taxes intended for the protection of the inhabitants from annual overflows by high water.

Doubtless the Legislature might have made this proceeding an exception to the general rule, that judicial proceedings in the District Court must be filed with the clerk, had it seen fit so to declare. But we have not been pointed to any express provision on the subject. On the contrary, we find that the Act of 1859 provides in general terms: that the District Judge shall (in the given case) "grant an order of seizure and "sale against the property specified in the assessment roll." What is an order of seizure and sale, is not left to conjecture, but is defined by the Code of Practice.

Again, the Act of 1858, p. 129, sec. 3, on the same subject matter, and to which the Act of 1859 is an amendment, is still more explicit—it says: the tax imposed shall be a first lien and privilege upon the land subject to the same, and that it shall be the duty of the collector of the levee tax *to sue out an order of seizure and sale, as in case of mortgage, in all cases where the levee tax has not been paid.*" The proceedings in an order of seizure and sale in case of a mortgage are to be filed with the clerk.

C. P. 176, 734, 736; *Board of Levee Commissioners* v. *Henry Marks*, Opinion Book 33, p. 14. Daniel L. Morgan, the collector of the levee tax, was not therefore the proper custodian of the petition for the order of seizure and sale and of the documents annexed, together with the judge's decree thereon, and the proceeding was irregular.

VI. The point is also made in plaintiff's brief, that the proceeding of the tax collector was also illegal in this, that he had advertised plaintiff's land for sale, to take place at the office of the Board of Levee Commissioners at the town of Providence, and not at the court house; and that said sale was advertised for a day not usual in forced alienations.

On the other side it is shown that the court house is on the west side of the bayou Maçon hills, and out of the levee district subject to the jurisdiction of the Board of Levee Commissioners.

In the absence of any special provision of law as to the manner in which the levee tax collector should make the sales of the property of delinquent tax payers, we must have recourse to other laws *in pari materia*. The Act of 1855, section 55, makes it the duty of the collector of the State taxes, to seize the goods, personal property, rights and credits of delinquent tax payers, and expose the same at public auction after due notice given, "*as in case of Sheriff's sales.*" Phillips' Dig. 471.

The Sheriff's sales are to be made at the court house of the parish, or some other place in the vicinity of the court house, saving the defendant's right to have his plantation and slaves, or either, offered for sale at his domicil, upon his giving notice to the proper officers within three days after notice of seizure. Phillips' Dig. 528.

It therefore seems that the sale ought to have been advertised to take place at the court house. As the tax collector is charged by law with the execution of the decree for the sale of the land, there can be no doubt that he has the right to go to the place appointed for such sale in his parish, although beyond the district of levees within which the lands are subject to the levee tax, in order to make such sale; and we think the sale should be advertised for the first Saturday of the month, as in case of Sheriff's sales.

This brings us to the consideration of the reconventional demand. Were the Act of 10th of March, 1859, authorizing the Board of Levee Commissioners to borrow money upon their bonds, unconstitutional, as contended by plaintiff, it would not benefit his case, because there would still exist the same debts in other forms to be provided against by taxation. But this act does not appear to us to confer banking privileges ubon the Board of Levee Commissioners, and we see nothing in it in conflict with articles 118, 119 and 123 of the Constitution, cited by appellant.

The evidence shows that the Board of Levee Commissioners is entitled to judgment for the sum claimed in reconvention. Indeed the plaintiff's plea in compensation virtually admits the same.

It is therefore ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and it is now here ordered, adjudged and decreed, that the defendant, Daniel L. Morgan,

<div style="margin-left:left"></div>

collector of the levee tax, be perpetually enjoined from selling the said lands, seized under said order of seizure and sale, at the office of the Board of Levee Commissioners at said town of Providence in said parish of Carroll; and it is further ordered, adjudged and decreed by the Court, that said Board of Levee Commissioners, the defendant herein, do have and recover judgment upon its reconventional demand against the plaintiff, Samuel Templeton, for the sum of thirteen hundred and thirty-three 44-100 dollars for the general levee tax for the year 1859, and for the further sum of two hundred and thirteen 33-100 dollars special loan tax, with interest on each of said sums at the rate of eight per cent. per annum, from the 22d day of October, 1859, until paid; and it is further ordered, adjudged and decreed by the Court, that said debts and interest operate as a first lien and privilege upon all the lands of said plaintiff within said levee district in the Parish of Carroll from said 22d day of October, 1859; and it is further ordered, adjudged and decreed by the Court, that it be referred to the said Daniel L. Morgan, collector of the levee tax, or his successor in office, to sell said lands, or so much thereof as may be needed to pay said debts, interest and costs hereafter mentioned, without the benefit of appraisement, and according to the third section of the Act of March 12th, A. D. 1859 entitled "An Act to amend an Act entitled, an Act to amend an Act forming a district composed of the parishes of Carroll, Madison, Catahoula, for the better protection of the same from inundation, approved the eighteenth of March, eighteen hundred and fifty-eight," and also in other respects according to law; and it is further ordered, adjudged and decreed by the Court, that the defendant, the Board of Levee Commissioners, pay the costs of the incidental demand of injunction, and the costs of this appeal; and that the other costs of the lower court be borne by the plaintiff, and paid out of the proceeds of the lands to be sold.

LAND, J.; absent.